Russell HAMILTON and Eunice Hamilton, Appellees,

v.

The TOWN OF PALO and Richard D. McLaud, Appellants.

No. 3–57576.

Supreme Court of Iowa.

July 30, 1976.

Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellants.

Nazette, Hendrickson & Marner, Cedar Rapids, for appellees.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

LeGRAND, Justice.

This case results from an automobile accident between a police car and a privately owned vehicle. The police car was owned by the Town of Palo and was driven by Police Officer McLaud. They are the defendants. The other vehicle was driven by Eunice Hamilton and was owned by Russell Hamilton. They are the plaintiffs, hereafter jointly referred to as plaintiff. Plaintiff asks damages for $970. The Town of Palo filed a counterclaim for damages to the police vehicle in the amount of $1,958.60.

After trial to the Hon. Lynne E. Brady, judgment was entered for plaintiff in the amount of $552. Palo's counterclaim was dismissed. We reverse and remand for a new trial.

■ On trial of law cases to the court, we are bound by factual findings having substantial evidentiary support. We are not, however, bound by the court's application of an erroneous rule of law to those facts. *City of Des Moines v. Huff,* 232 N.W.2d 574, 576 (Iowa 1975) and citations. The decisive question on this appeal is whether Officer McLaud was on an emergency call at the time the accident occurred. The trial court found he was not because he "took it upon himself to transport supposedly ill persons to a Cedar Rapids hospital even though an ambulance was available in Palo at the time." Although we question the finding there was evidence an ambulance was then available, we adopt it as established for purposes of this appeal.

The provisions determining the status of emergency vehicles and regulating the special conditions concerning their operation are found in § 321.1(26) (defining emergency vehicles); § 321.231 and § 321.296 (listing standards for the operation of emergency vehicles); and § 321.232 (setting forth when the driver of an emergency vehicle is entitled to "special privilege.").

In the present case, Officer McLaud had stopped a Mrs. Bemer for speeding. She advised the officer her three children were ill and she was taking them to the hospital. She was upset and distraught. She told Officer McLaud one child had a temperature of 105°, another had been convulsive. McLaud put Mrs. Bemer and the three children in his vehicle, obtained radio clearance to transport them to the hospital, and started for Cedar Rapids with both siren and flashing lights activated. It was while he was on this mission that the accident occurred.

In *City of Des Moines v. Huff, supra,* 232 N.W.2d at 578–579 we said:

"An 'emergency call' exists when, upon receipt of a message, the responding officer truly believes an emergency exists and has reasonable grounds for that belief. In the ordinary case, this issue is for the trier of fact."

■ First, we hold the information received by Officer McLaud from Mrs. Bemer constitutes a "message" under our holding in *Huff, supra.* Whether McLaud was on "an emergency call" in responding to this message was a question to be decided by the trier of fact. We would ordinarily be bound by that determination. Here, however, the trial court decided McLaud was not on an emergency call because an ambulance was available to transport the sick children to the hospital. We believe the trial court's ruling was a legal conclusion that McLaud's trip could not qualify as an emergency call as long as an ambulance was available. This is an erroneous interpretation of § 321.232 and is contrary to our decision in *Huff, supra,* where we said the test is the officer's belief, based on reasonable grounds, that an emergency exists.

As is apparent from the conflict between the majority and dissenting opinions in *Huff,* it is not always easy to distinguish between a finding of fact and a conclusion of law. We are convinced we deal here with a conclusion of law, one which we reject.

The trial court's ruling bears not only on Officer McLaud's negligence but also inheres in the holding plaintiff was not negligent. *See* § 321.324, The Code, and *Wetz v. Thorpe,* 215 N.W.2d 350, 353–356 (Iowa 1974). Neither finding can stand.

The case must be, and is, reversed for a new trial.

REVERSED AND REMANDED.